UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA SCHLUSLER and
CARL SCHLUSLER,

    Plaintiffs,                                      E.D. Mich. Case No. 2:06-CV-13622

v.                                                      Hon. Lawrence P. Zatkoff

MICHIGAN UFCW UNIONS AND
EMPLOYERS HEALTH AND WELFARE FUND,

    Defendant.
_____/

## **ORDER**

        This matter is before the Court on Defendant's motion for *Wilkins* procedure following Court remand to ERISA plan and plan's subsequent denials [dkt 27].

        Plaintiff Carl Schlusler was injured on February 13, 2005, while on the real estate property where his dairy farm business was operated. He incurred medical bills, which were submitted to Defendant. Defendant denied the medical claims because it found that the injury was work-related and arose out of Carl Schlusler's employment. Defendant's governing plan documents exclude occupational claims. After exhausting Defendant's internal appeals procedure, Plaintiffs sued Defendant seeking court-review of Defendant's denials. On July 3, 2006, Plaintiffs filed suit in Wayne County Circuit Court. Plaintiffs sought payment of the medical bills under Defendant's plan documents and sought to enforce various provisions of the Employee Retirement Income Security Act ("ERISA"). Plaintiffs also asserted, in the alternative, that the injury was not occupational.

        On August 14, 2006, Defendant removed the suit to federal court. Defendant asserted that because Plaintiffs sought to (1) recover benefits allegedly due under the terms of an ERISA plan;

(2) enforce their alleged rights under the plan and ERISA; and (3) clarify and declare their rights under the plan and enforce other portions of ERISA, exclusive jurisdiction was with the federal court. Defendant further asserted that if relief is available to Plaintiffs, it is exclusively under Section 502 of ERISA, 29 U.S.C. §1132, and related ERISA provisions. Defendant filed its Answer and Affirmative Defenses on August 25, 2006, and denied any wrongdoing or liability.

On March 29, 2007, the parties filed a Joint Proposed Rule 26(f) Case Summary and Case Management Scheduling Plan for Review of ERISA Administrative Denial of Benefits. That joint document included a proposed case procedure ("*Wilkins* procedure") pursuant to *Wilkins v. Baptist Case Health Care Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). An initial status conference was held on April 5, 2007. On June 26, 2007, counsel for Defendant produced the documents in the Fund's administrative record as of that time. On July 12, 2007, a second status conference was held. Plaintiffs' counsel raised the issue of supplementing the materials in Defendant's administrative record and remanding the case for a new determination after the additional materials were submitted.

On August 23, 2007, Plaintiffs filed a Motion to Remand the case to the ERISA Plan Administrator and sought leave to provide Defendant with supplemental materials relating to the ownership of the real estate property where the injury took place and related matters. On September 6, 2007, Defendant filed its Response in Opposition to the Motion to Remand. On October 3, 2007, the Court issued its Opinion and Order Granting Plaintiffs' Motion for Order of Remand to the Plan Administrator. Thereafter, additional materials were submitted to Defendant.

On March 18, 2009, the Fund's Plan Administrator issued a written de novo denial determination after reviewing all the additional information in the post-remand administrative record. The Fund's Plan Administrator found that the occupational/work-related exclusion for

"Illness or Injury that arises from, is aggravated by, or is sustained in the course of work for pay, profit or gain" applied to Fund dependent Carl Schlusler (not just to the eligible employee) and that the February 13, 2005, injury was an excluded occupational illness or injury. Defendant advised Plaintiffs of the right to appeal that denial decision to the Board of Trustees. Plaintiffs appealed the March 18, 2009, denial decision to the Fund's Board of Trustees using the Fund's internal appeal procedure for claim denials.

On December 21, 2009, Defendant issued a denial of that appeal by the Board of Trustees. Plaintiffs' counsel advised Defendant's counsel that they now wished to return to Court to litigate the claim denial after the Court remand and these additional denials. At the time Defendant filed the current motion on June 11, 2010, Plaintiffs had not yet filed any new complaint or amended complaint.

In its motion, Defendant proposes the following procedure:

> a. On or by June 21, 2010, Plaintiffs shall file an Amended Complaint to add any allegations as to Defendant's post-remand denials;
>
> b. Within 45 days after service of the Amended Complaint, Defendant shall file its responsive pleading to any Amended Complaint; and
>
> c. Thereafter, the Court will hold a status conference to discuss and develop an appropriate case management plan for this review of ERISA administrative denial of benefits in accordance with the guidelines set forth by the Sixth Circuit in *Wilkins v. Baptist HealthCare Sys., Inc.*, 150 F.3d 609, 619 (6thCir. 1998).

On June 17, 2010, Plaintiffs responded to Defendant's motion, wherein Plaintiffs consented to the relief requested by Defendant, stating only that the Court should have the discretion in determining

the contents of the administrative record under the *Wilkins* procedure. On June 21, 2010, Plaintiffs filed an amended complaint with this Court.

Since Plaintiffs have filed an amended complaint in this matter on June 21, 2010, the Court finds that Defendant's motion to require Plaintiffs to file an amended complaint prior to June 21, 2010, must be DENIED AS MOOT. Hearing Plaintiffs' consent to allow Defendant 45 days in which to submit a responsive pleading, the Court hereby GRANTS Defendant's request to have 45 in which to file a responsive pleading. The Court also GRANTS Defendant's request to hold a status conference following receipt of Defendant's responsive pleading in accordance with the guidelines set forth by the Sixth Circuit in *Wilkins v. Baptist HealthCare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). However, the Court makes no decision with respect to the contents of the administrative record.

Accordingly, Defendant's motion for *Wilkins* procedure following Court remand to ERISA plan and plan's subsequent denials [dkt 27] is DENIED IN PART and GRANTED IN PART.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2010

4

CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 24, 2010.

                  S/Marie E. Verlinde
                  Case Manager
                  (810) 984-3290